IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

MARGIE McRAE,

    Plaintiff,

v.

ALICE RENEE WOOTEN LESTER,
Individually and as Heir of
and as Personal Representative
of the Estate of Jerome Wooten;
GERALDINE WOOTEN CRAY; NINA
WOOTEN BRANTLEY; GLENDA WOOTEN;
ALLEN CURTIS WOOTEN; BERNARD
WOOTEN; and MARCUS WOOTEN,
Individually and as Heirs at
Law of Jerome Wooten,

    Defendants.

CV 318-025

ORDER

This case arises from the Superior Court of Telfair County, Georgia's order vacating a default judgment that was awarded to Plaintiff by the Magistrate Court of Telfair County. (Compl., Doc. No. 1, ¶ 1.) Plaintiff asks the Court to vacate the Superior Court of Telfair County's order due to its alleged racial bias. Plaintiff now moves the Court to transfer this action to the Augusta Division of the Southern District of Georgia pursuant to 28 U.S.C. § 1404. (Doc. No. 6.) For the following reasons, Plaintiff's motion is **DENIED**.

Under 28 U.S.C. § 1404(b), the district court has discretion to transfer venue to another division in the same district. The movant bears the burden of establishing that the proposed forum is more convenient. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). In a motion to change venue to another district, the Eleventh Circuit has instructed courts to consider:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Given that Plaintiff's claim surrounds the Superior Court of Telfair County, factors two, four, and nine weigh against transfer. Additionally, Plaintiff does not identify the address of any of the defendants in this case.

Plaintiff argues that transferring venue is appropriate "since the records are in Augusta." (Doc. No. 6, at 2.) Plaintiff, however, fails to identify the documents she is referring to. Plaintiff also fails to identify the addresses of the Plaintiff's Complaint surrounds the actions of the Superior Court of Telfair County, which is within the Dublin division. Accordingly, the locus of the operative facts favors Dublin. Furthermore, Plaintiff has not identified the

address of the defendants in this case. However, given that Plaintiff's Complaint surrounds the Superior Court of Telfair County. Furthermore, in regards to the eighth factor; Plaintiff chose to file in Dublin.

**ORDER ENTERED** at Augusta, Georgia, this ___ day of May, 2018.

_____
UNITED STATES DISTRICT JUDGE